**Miguel Angel RAMIREZ–FIGUEROA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General of the United States, Respondent.**

No. 10–71459.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 5, 2012.*

Filed Nov. 9, 2012.

Elizabeth Sweet, ABA Immigration Justice Project, San Diego, CA, for Petitioner.

Oil, Edward John Duffy, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

694

Before: D.W. Nelson and O'SCANNLAIN, Circuit Judges, and GONZALEZ, District Judge.**

MEMORANDUM ***

Miguel Angel Ramirez–Figueroa, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals's (the "Board") order denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, review for substantial evidence, *Castro–Martinez v. Holder*, 674 F.3d 1073, 1080 (9th Cir. 2011), and deny the petition for review.

Substantial evidence supports the Board's determination that Ramirez–Figueroa failed to demonstrate that the government of El Salvador was unable or unwilling to protect him from gangs. *See id.*

Because he failed to establish eligibility for asylum, Ramirez–Figueroa necessarily failed to establish eligibility for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000). Ramirez–Figueroa's failure to distinctly raise the BIA's denial of CAT relief waives any challenge thereto. *See Barrios v. Holder*, 581 F.3d 849, 856 n. 6 (9th Cir.2009)

**PETITION FOR REVIEW DENIED.**

** The Honorable Irma E. Gonzalez, District Judge for the U.S. District Court for Southern California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.